### SMITH V. NORTHRUP.

Duplicity is to be taken advantage of by a special demurrer only.
After a general demurrer, the party may not alter to a special.

ACTION on note, dated 24th of March, A. D. 1789, wherein
the defendant promised to pay to the plaintiff £80 in soldiers'
notes, in one year from the date; and that on the 26th of
March, A. D. 1790, the defendant wrote at the bottom of
said note, this may certify, that I will pay the interest of the
above note, as by said note, etc. Demurrer to the declaration;
which was closed last court and continued to this, and now the
defendant moved to alter his plea from a general to a special
demurrer, but not allowed.

Exception to the declaration — That it was double and con-
tained two distinct causes of action; which required different
answers.

Judgment — Declaration sufficient. Here is no duplicity;
but if there was it cannot be taken advantage of under a gen-
eral demurrer; the engagement wrote at the bottom of the
note is no more than the law implied without it. The
soldiers' notes which are promised being upon interest.

### HOLBROOK V. HIDE.

The service of a process against an absconding debtor, if an
    inhabitant of this state, must be by leaving a copy at his last
    usual place of abode.

ACTION on note by attachment, against Hide as an abscond-
ing debtor, in which he is described to be late of Derby, etc.
now resident in Brunswick in the state of Vermont.

Plea in abatement — That no property of the defendant's
had been attached; that no copy had been left at his last
usual abode in said Derby; nor otherwise than by leaving
copies with Kibbe and Parsons, as attorneys factors, etc. to
said Hide. Demurrer.

Judgment — Plea sufficient. The statute is express, that
a copy shall be left at the defendant's last place of abode.